## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------

DONALD ALFONSO, *individually and on behalf of others similarly situated,*

                                    *Plaintiff,*

vs.

MOUGIS LOGISTICS CORP., a New York corporation,

                                    *Defendant.*

-------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**29 U.S.C. § 216(b)**

**CASE NO:**

### CLASS AND COLLECTIVE ACTION COMPLAINT

DONALD ALFONSO ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, sues Defendant, MOUGIS LOGISTICS CORP. ("MLC" or "Defendant"), and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action to redress violations of state and federal employment law on behalf of every individual similarly situated to Plaintiff, who worked for the Defendant any time during the six-year period preceding this filing.

2.      Defendant, MOUGIS LOGISTICS CORP., operates as a contractor for Federal Express, and its employees deliver Federal Express packages, in Federal Express uniforms, and Federal Express trucks, to various locations within this District.

3.      Plaintiff has been employed as a delivery driver for MLC from January 4, 2021 through the date of this filing.

4.      Plaintiff typically works five days per week (every day except Tuesday and Saturday), and is paid $20.00 per hour. He is paid a gross rate of $160 per day, with no pay for work in excess of 8 hours per day, no pay (overtime or regular) for hours worked over 40 in a workweek, and no *spread of hours* pay for days in which he works 10 or more hours.

5.      Until April 2021, Plaintiff would arrive at MLC's facility in Blauvelt, New York, between 6.30 am and 7.30 am. Arrival at that time was necessary to assist in loading his truck, so that he could leave the facility and begin making deliveries early enough to be done delivering by the end of the workday.

6.      In April 2021, Plaintiff and other drivers were instructed not to arrive until 7.30 am, by which time the trucks were *supposed* to be fully loaded for them. However, on his arrival at 7.30 am, the truck is never loaded, with many large packages intentionally left off the truck, leaving it to Plaintiff (and other drivers) to finish loading before leaving to make their deliveries. This takes the drivers significant time, sometimes hours, before they can leave the facility and begin to make their deliveries.

7.      Plaintiff's day (and that of all drivers) ends when the deliveries are finished, and the truck is returned to the dispatch center. This is typically at about 5.30 pm, but is occasionally earlier or later, sometime as late as 7.30 pm, depending on delivery locations, package sizes, traffic, and other factors.

8.      Plaintiff's time is tracked in multiple ways. There is a camera and voice recorder in the truck, a scanner that tracks the driver's whereabouts and delivery times, and the PND driver app, that is used via Plaintiff's cellphone. As such, there exists evidence of the times when drivers arrive at the dispatch facility (and start loading trucks), the time they leave the facility to begin making deliveries, the times when deliveries are made throughout the day,

2

and the time the truck is returned in the evening.

9.      There is a demonstrable and sizable time gap each day between Plaintiff's arrival in the morning (when he is forced to load packages, since they have not all been loaded for him) and his departure from the facility to begin deliveries. Defendant does not consider this time gap (spent doing heavy physical work that is required before delivering anything) to be compensable work time.

10.     In late May 2021, MLC held a meeting at which drivers were instructed not to "punch in" when they arrive at the facility, but instead, only once they are dispatched. This is notwithstanding Defendant's knowledge that the drivers are loading their trucks from the time of arrival (at about 7 a.m. or so on average) and the time of departure to make deliveries (which is sometime as late as 10.30 am); moreover, unless the drivers load their trucks when they arrive (but before they depart for deliveries), they cannot do their jobs at all. MLC is thus effectively demanding that drivers work at least some hours without pay.

11.     Plaintiff has specific knowledge that his time has been changed in the system so that it appears as though Plaintiff worked 8 hours, when he in fact worked more time.

12.     When Plaintiff complained about being paid nothing for hours of work loading the truck, he was told that he is paid a flat rate by the day, no matter how much time he works. For example, Plaintiff asked by text "what happens when I work pass [sic] the 8 hrs" to which the reply was "if you work past 8 hours it means nothing ... if you work over 8 you only get paid 8."

13.     As such, Plaintiff worked and works for as many hours as is required to finish

3

loading his truck, and to make all deliveries, and in return he is paid for eight hours at $20.00 per hour, irrespective of the number of hours worked. The balance of time worked is unpaid.

14.     Plaintiff fits no category which would render him an employee exempt from minimum wage, overtime, or spread of hours requirements, and Defendant appears to understand that Plaintiff is not paid properly, because his time has been changed within the system.

15.     Plaintiff was never provided a notice stating his hourly rate of pay, his overtime rate of pay, his regular pay day, and such other information as required by N.Y. Labor Law §195(1).

16.     Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees, and litigation costs.

17.     Plaintiff seeks certification of this action as a class action pursuant to Fed. R. Civ. P. 23, and/or as a collective action pursuant to 29 U.S.C. §216(b), on behalf of himself individually, and all other of Defendant's similarly situated employees and former employees who worked for Defendant at any time during the six (6) year period preceding this filing.

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. §216(b).

19.     This Court has supplemental jurisdiction over the state law claims pursuant to 28

4

U.S.C. §1367(a). This Court has further subject matter jurisdiction over this case pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d)(2).

20.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendant operates in this District, and Plaintiff was employed in this District.

## PARTIES

21.     Plaintiff is over the age of 18 years, *sui juris,* and a resident of this District.

22.     Plaintiff was employed by Defendant from approximately January 4, 2021 throughand including the date of this filing.

23.     At all times relevant to this complaint, Defendant owned, operated, and/or controlled a package distribution center located in Blauvelt, New York, which was the location to which Plaintiff reported and reports to work each day.

24.     Upon information and belief, MOUGIS LOGISTICS CORP., was and is a corporation organized and existing under the laws of the State of Delaware, authorized to do, and doing, business in this District; specifically registered in New York County and doing business in Rockland County.

25.     At all times relevant to this action, the Defendant was engaged in commerce or in an industry or activity affecting commerce.

26.     On information and belief, at all times relevant hereto, Defendant grossed $500,000.00 or more per annum.

27.     Defendant constitutes an enterprise within the meaning of 29 U.S.C.§203(r)-(s).

## FACTUAL ALLEGATIONS

28.     At all material times, Defendant has operated a Federal Express distribution

5

center located in Blauvelt, Rockland County, New York.

29.     At all relevant times, Defendant was Plaintiff's employer within the meaning of the FLSA and NYLL. Defendant had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation.

30.     Plaintiff has not been paid anything for hours worked in excess of 40 hours in a workweek, including a failure to pay Plaintiff at the rate of *time and a half* for overtime hours.

31.     Plaintiff has never been paid *spread of hours* pay for days on which he worked for 10 hours or more, in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§146-1.6.

32.     Defendant never provided any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as is required by NYLL §195(1).

33.     Plaintiff and similarly situated individuals were victims of Defendant's common policy and practice of violating rights under the FLSA and NYLL by, *inter alia,* not paying for all hours worked.

34.     As part of their regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

35.     Defendant failed to provide Plaintiff and other employees, at the time of hiring, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main

6

office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## RULE 23 CLASS ACTION ALLEGATIONS

36.     Plaintiff brings his NYLL overtime, spread of hours, and wage notice claims, on his own behalf, and also as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of individuals defined as follows: Any and all individuals employed by Defendant at any time during the six-year period preceding the date on which this complaint was filed (the "Class").

37.     Excluded from the Class is any person who is an executive, professional, managerial, or other employee of Defendant who is exempt from coverage under the NYLL and FLSA, and not subject to the protections of those laws.

38.     The members of the class or so numerous that joinder of all Class members is not practical. The size of the class will be determined through discovery.

39.     Plaintiff's claims are typical of those of the Class. Plaintiff, along with every member of the Class, has suffered violations of applicable labor laws, including each of the violations complained of by Plaintiff herein.

40.     Plaintiff will adequately protect the interests of all members of the Class and has retained competent legal counsel experienced class action litigation as well as FLSA and NYLL litigation, who has been designated as class counsel for an NYLL class in this District previously. Plaintiff has no interests that are contrary to the interests of the Class.

41.     A class action is by far the most efficient way by which to resolve all FLSA and NYLL claims belonging to any current or former Employee of Defendant, which occurred at any time within the relevant limitations period. The expense and burden associated with

7

individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendant, for member of the Class, and for courts of this District.

42.     Common questions of law and fact prevail with respect all members of the Class and predominate over questions applicable solely to individual Class members. Among such common questions of law and fact is whether Defendant has violated its state and federal legal obligations by failing to comply with FLSA and NYLL requirements in the manner alleged by Plaintiff herein, such that all members of the Class are owed overtime pay, as well as damages for failure to provide required wage and other notices.

43.     Plaintiff knows of no special or unique difficulty that would be encountered in the management of this litigation that might preclude its maintenance as a class action.

44.     The names and addresses of Class members are readily discernable from the Defendant's business records. Notice of this case to each member of the Class, along with notice to each member of the Class that he/she will need to opt-out of the Class or otherwise be barred from pursuing future action, can be delivered by U.S. Mail, or electronic mail (where applicable), using technique and a form of notice similar to those customarily used in class action litigation in the District, and can additionally be posted at Defendant's place of business, or by other means that are likely to reach members of the Class.

## FLSA COLLECTIVE ACTION CLAIMS

45.     Plaintiff further brings his FLSA minimum wage and overtime claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendant or any of them, on or after the date that is three years before the filing of the complaint in this case.

8

46.     At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendant's common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage for some or all hours worked.

47.     The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
## (Violation of the Overtime Provisions of the FLSA)

48.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

49.     Defendant failed to pay Plaintiff, the Class, and the FLSA Class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(l).

50.     Defendant's failure to pay Plaintiff, the Class, and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

51.     Plaintiff, the Class, and the FLSA Class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (Violation of the Overtime Provisions of the New York Labor Law)

52.     Plaintiff re-avers and re-alleges the allegations set forth above, as though fully setforth herein.

53.     Defendant failed to pay Plaintiff and the Class overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours

9

in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. §142-2.2.

54.    Defendant's failure to pay Plaintiff and the Class overtime compensation was willful within the meaning of NYLL §663.

55.    Plaintiff and the Class were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (Violation of New York Labor Law Recordkeeping Requirements)

56.    Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

57.    Defendant failed to provide Plaintiff and the Class with a written notice, in English and in the primary language of each member of the Class, of their rates of pay, regular pay days, and such other information as required by NYLL §195(1).

58.    Defendant is liable to Plaintiff and members of the Class in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## (Violation of Spread of Hours Order of the New York Commissioner of Labor)

59.    Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

60.    Defendant failed to pay Plaintiff and the Class one additional hour of pay at the basic minimum wage rate, before allowances, for each day Plaintiff of the Class had a spread of hours of ten or more in a day, in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

61.    Defendant's failure to pay Plaintiff and the Class an additional hour of pay for eachday Plaintiff and the Class had a spread of hours equal to ten or more hours in a

10

day was willful within the meaning of NYLL §663.

62.    Plaintiff and the Class were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, for himself and on behalf of the Class, requests that this Court issue an Order granting to Plaintiff and to the Class, the following:

a)    Certifying this action as a class action;

b)    Certifying the Class and an opt-out class, which includes all persons defined as being within the Class, and/or as a collective action, and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) and/or Fed. R. Civ. P. 23, to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file (a) notices of claim; and/or (b) opt-out notices;

c)    Naming Plaintiff as lead plaintiff, and representative of the Class;

d)    Appointing Plaintiff's counsel as Class Counsel for all purposes in this action;

e)    Declaring that Defendant violated the FLSA and NYLL in the manner alleged;

f)    Declaring that Defendant's violations of the provisions of the FLSA and NYLL were willful;

g)    Awarding Plaintiff, the Class, and/or the FLSA Class, damages for the amount of unpaid minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

h)    Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime

11

wages, 29 U.S.C. § 216(b);

i)     Declaring that Defendant violated the minimum wage and overtime provisions of, and rules and orders promulgated under, the NYLL;

j)     Awarding Plaintiff and the Class damages for the amount of unpaid minimum wages and overtime, and damages for any improper deductions or credits taken against wages,

k)     Awarding Plaintiff and the Class damages for Defendant's violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

l)     Awarding Plaintiff and the Class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL §663 as applicable; as well as liquidated damages pursuant to NYLL§198(3);

m)     Awarding Plaintiff and the Class pre-judgment and post-judgment interest as applicable;

n)     Awarding Plaintiff and the Class the expenses incurred in this action, including costs and attorneys' mkmfees;

o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

p)     All such other and further relief as the Court deems just and proper.

12

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

DATED: June 15, 2021.

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
633 S. Andrews Ave.
Suite 500
Ft. Lauderdale, FL 33301
PH:(954) 745 0588
www.nklegal.com

By:  */s/ Nolan Klein*
NOLAN KLEIN,
ESQUIRE(NK.4223)
klein@nklegal.com
amy@nklegal.com

By: */s/ Joshua M Entin*
JOSHUA M. ENTIN,
ESQUIREENTIN LAW
GROUP, P.A.
633 S. ANDREWS AVENUE, SUITE 500
Ft. Lauderdale, Florida
33301Tel: (954) 761-7201
Fla. Bar No:  493724
E-mail:  josh@entinlaw.com
*PRO HAC VICE MOTION TO BE FILED*

By: */s/ Michael L. Elkins*
MICHAEL L. ELKINS,
ESQUIREMLELAW
633 S. ANDREWS AVENUE, SUITE 500
Ft. Lauderdale, Florida
33301Tel: (954) 401-2608 I
Fla. Bar No:  523781
E-mail: melkins@mlelawfirm.com
*PRO HAC VICE MOTION TO BE FILED*

## VERIFICATION

I hereby swear or affirm that I have carefully reviewed the allegations of the Complaint set forth above, and that all the allegations made herein are true and correct to the best of my knowledge, information, and belief.

**DONALD ALFONSO**
Dated: 6/14/21

14