UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/2021

DONALD ALFONSO, *individually and on behalf of others similarly situated*,

                        Plaintiffs,

          -v-

MOUGIS LOGISTICS CORP.,

                        Defendant.

------------------------------------------------------------------X

21-cv-5302 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

       Plaintiff Donald Alfonso ("Plaintiff" or "Alfonso") brings this action on behalf of himself, and others similarly situated, against Defendant Mougis Logistics Corp. ("Defendant" or "MLC"). Plaintiff brings claims for violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and for violations of minimum wage provisions, overtime provisions, recordkeeping requirements, and spread-of-hours pay provisions of the New York Labor Law, N.Y. Lab. L. § 650, *et seq.* (the "NYLL"). Defendant moves to dismiss the Amended Complaint, Dkt. No. 13 ("Amended Complaint" or "Am. Compl."), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. No. 16. Defendant also argues that, if Plaintiff fails to state a claim for relief under FLSA, the Court should decline to exercise supplemental jurisdiction over the state law claims and should dismiss those claims pursuant to Fed. R. Civ. P. 12(b)(1).

       For the following reasons, Defendants' motion to dismiss is granted with respect to Plaintiff's FLSA claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are dismissed for lack of subject-matter jurisdiction.

## BACKGROUND

This case arises from Plaintiff's employment as a delivery driver for MLC from January 4, 2021, through the date of filing of the Amended Complaint on August 5, 2021. Dkt. No. 13. Plaintiff filed his initial complaint, alleging that defendants violated the overtime provisions of the FLSA and the NYLL. Dkt. No. 1. Plaintiff amended his complaint on August 5, 2021, removing the FLSA overtime claim and adding a FLSA minimum wage claim. Dkt. No. 13.

For the purposes of this motion, the Court accepts as true the well-pleaded allegations of the amended complaint. Plaintiff regularly worked five days per week and was paid $20.00 per hour, receiving pay at a gross rate of $160 per day. *Id*. at ¶ 4. Plaintiff did not receive pay for "work in excess of 8 hours per day, [] pay (overtime or regular) for hours worked over 40 in a workweek, [or] spread of hours pay for days on which he worked 10 or more hours." *Id*. (emphasis omitted). Until April 2021, Plaintiff would arrive to work at a facility in Blauvelt, New York, between 6:30 a.m. and 7:30 a.m. to assist loading his truck with delivery packages. *Id*. at ¶ 5. In April 2021, Plaintiff and other drivers were instructed to arrive at 7:30 a.m., by which time the trucks were supposed to be already loaded. *Id*. at ¶ 6. However, upon Plaintiff's arrival at 7:30 a.m., the trucks were not loaded, and Plaintiff had to spend significant time—sometimes hours—to load the truck for deliveries. *Id*. Plaintiff's day, and that of all drivers, ended when the deliveries were finished and the truck was returned to the dispatch center. *Id*. at ¶ 7. According to Plaintiff, this would typically be at about 5:30 pm, but it was occasionally earlier or later. *Id*. Sometimes, the workday of Plaintiff and the other truck drivers would not end until 7:30 p.m. *Id*.

Thus, there is a time gap each day between Plaintiff's arrival to the facility in the morning (at about 7:00 or 7:30 a.m. on average) and his departure from the facility to begin deliveries (which was sometime as late as 10:30 a.m.) due to the time it took to load the packages

into the delivery truck. *Id*. at ¶¶ 9–10. Defendant does not consider this time gap to be compensable work time, even though loading the trucks is indispensable for drivers to perform their job. *Id*. at ¶ 9. In Defendant's time-management system, it appears as though Plaintiff worked 8 hours when he in fact worked more time than that. *Id*. at ¶ 11. According to the complaint, "[w]hen Plaintiff complained about being paid nothing for hours of work loading his truck, he was told that he is paid a flat rate by the day, no matter how much time he works." *Id*. at ¶ 12.

Plaintiff's Amended Complaint includes one cause of action under federal law and four causes of action under state law. The first, and only, federal count is for a violation of the FLSA minimum-wage provision, 29 U.S.C. § 206(a). The remaining counts are for: a violation of NYLL's minimum-wage provision, NYLL § 652; failure to pay overtime compensation for all hours worked in excess of forty hours in violation of NYLL Art. 19 and 12 N.Y.C.R.R. §142-2.2; a violation of record keeping requirements under NYLL §195(1); and failure to pay spread-of-hours pay compensation in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6. Am. Compl. at ¶¶ 48–67.

**LEGAL STANDARD**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must take the well-pleaded factual allegations in the complaint as true and construe the facts in the light most favorable to the non-moving party. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal.  *Twombly*, 550 U.S. at 555, 557.  The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *See also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

## DISCUSSION

Defendant moves to dismiss Plaintiff's FLSA minimum wage claim pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. No. 16.  Because this is the only federal claim alleged, Defendant further argues that the Court should decline to exercise supplemental jurisdiction over the NYLL claims. Dkt. No. 17.  The Court discusses the arguments in turn.

**I.      FLSA Minimum Wage Claim**

Defendant argues that Plaintiff's Amended Complaint does not set forth the factual detail necessary to plausibly allege that his effective hourly wage rate ever fell below the minimum wage.  Dkt. No. 17.  In other words, Plaintiff fails to adequately allege his "total compensation in any one workweek, his total hours worked in that workweek, or his alleged hourly rates of pay in that workweek," and, thus, the Amended Complaint does not contain facts necessary to plead a minimum wage violation of FLSA.  *Id*. at 9.

The FLSA minimum wage provision states that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at . . . $7.25 an hour." 29 U.S.C. § 206(a). The language of the provision establishes three elements that must be alleged in order to survive a motion to dismiss: (1) the existence of an employee-employer relationship; (2) the employee's work involving interstate activity; and (3) the approximate number of hours worked for which the employee did not receive minimum wages. *Zhong v. Aug. Aug. Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007); *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) ("While this Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision…[o]ur standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations.").

Here, Plaintiff's Amended Complaint pleads sufficient factual information to make it plausible that an employee-employer relationship existed. Plaintiff worked as a delivery driver for Defendant, which operates as a contractor for Federal Express. Am. Compl. ¶¶ 2-3. "Defendant had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation." Am. Compl. ¶ 29.

The Amended Complaint also pleads sufficient facts to establish that Plaintiff was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a), 207(a)(1). A company qualifies as such an enterprise if it has at least $500,000 in annual gross sales and is engaged in commerce or an industry or activity affecting commerce. 29 U.S.C. § 203(s)(1)(A)(ii). Here, Plaintiff pleads that MLC is an "enterprise engaged in commerce" under FLSA by alleging that MLC "was and is a corporation organized

and existing under the laws of the State of Delaware, authorized to do, and doing, business in this District," Am. Compl. ¶ 24, that "Defendant grossed $500,000.00 or more per annum," *id*. ¶ 26., and that MLC operated as a contractor for Federal Express and "was engaged in commerce or in an industry or activity affecting commerce," *id*. ¶¶ 2, 25.

Plaintiff, however, has not pleaded that the wages he received fell below the federal minimum wage. In this circuit, an employer violates the FLSA minimum wage provision if "the number of hours actually worked [in a] week, multiplied by the minimum hourly statutory requirement" is less than the number of wages paid for the week. *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 490 (2d Cir. 1960); *see also Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 115 (2d Cir. 2013) (describing FLSA minimum-wage claim as available where "the average hourly wage falls below the federal minimum wage"). As long as this weekly requirement is met, "206(a) is not violated if the parties by agreement treat all of that wage as being paid for part of the work and regard certain other work as done for nothing." *Klinghoffer*, 285 F.2d at 490.

Plaintiffs alleges that he worked five days per week at a gross rate of $160 per day and $20 per hour, Am. Compl. ¶ 4, for a total of to $800 a week. Assuming he was paid for every hour he worked, his pay would have far exceeded the federal minimum wage. Plaintiff alleges that he worked more hours than those he was paid for at the $20-an-hour rate, Dkt No. 13 at ¶ 11, but even accepting that allegation as true, he received more than the federal minimum wage. He alleges that from the beginning of his employment until April 2021, his workday started between 6:30 a.m. and 7:30 a.m., and it ended around 5:30 p.m. but occasionally ended as late as 7:30 pm, *id*. ¶¶ 5, 7, and from April 2021 until the filing of his Amended Complaint in August 2021, Plaintiff began work at around 7:30 a.m. and generally ended around 5:30 p.m. but

6

sometimes as late as 7:30 p.m. *Id*. ¶¶ 6-7. Drawing all reasonable inferences in Plaintiff's favor, he worked as many as 13 hours a day between January and April 2021. But even accepting that allegation and dividing his daily pay of $160 by the maximum hours he claimed he worked of 13 hours, he would have received over $12 an hour, which is above the federal minimum wage of $7.25 an hour.

The Amended Complaint could be understood to allege that Defendant violated FLSA because there were some hours for which Plaintiff was not paid "any compensation whatsoever," *i.e.*, for the hours worked in excess of forty hours in a workweek. Am. Compl. ¶ 49. Under that understanding, even if Plaintiff's aggregate pay on a daily basis exceeded the minimum wage, Defendant would have violated FLSA if Plaintiff's pay was calculated on an hourly basis and he did not separately receive compensation for certain of those hours. However, courts in this Circuit have uniformly rejected such arguments, holding that as long as a Plaintiff's average wage exceeds the federal minimum wage, it does not matter how that average is calculated. *See Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 242 (S.D.N.Y. 2015) ("While Plaintiff may state a claim for a failure to pay *overtime* for the hours worked in excess of 40 hours a week, he does not necessarily state a claim for failure to pay *minimum wage* for those hours, because '[a]n employee cannot state a claim for a minimum wage violation 'unless [his] average hourly wage falls below the federal minimum wage.'"); *Haas v. Verizon New York, Inc.*, 2015 WL 4884858, at *24-*25 (S.D.N.Y. Aug. 13, 2015) (granting a motion for partial summary judgement against Plaintiff's FLSA minimum wage claim that Defendant paid Plaintiffs "nothing for any hour worked in excess of 40"); *Hart v. Crab Addison, Inc.*, 2014 WL 2865899, at *11 (W.D.N.Y. June 24, 2014) (dismissing a FLSA minimum wage claim "since the pleading never alleges that during any particular week, the average of the Plaintiffs' hourly

wages was less than the federal minimum wage"). An employee's average hourly wage is calculated "by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109. "For minimum-wage recovery under the FLSA, the pertinent question is whether 'the amount of compensation received by an employee results in a straight-time hourly rate that is less than the applicable federal minimum wage.'" *Cruz*, 116 F. Supp. 3d at 242-43 (quoting *Chuchuca v. Creative Customs Cabinets Inc.,* 2014 WL 6674583, at *9 n. 10 (E.D.N.Y. Nov. 25, 2014)); *see also Fangrui Huang v. GW of Flushing I, Inc.*, 2019 WL 145528, at *5 (E.D.N.Y. Jan. 9, 2019) (dismissing FLSA minimum wage claim where plaintiff's average hourly rate was $11.55/hour even though there were hours for which plaintiff received "only occasional (unspecified) cash compensation"); *Thind v. Healthfirst Mgmt Servs., LLC*, 2015 WL 4554252, at *4 (S.D.N.Y. July 29, 2015) (holding that allegation that plaintiff was not paid any compensation for hours worked in excess of forty a week may state claim for violation of FLSA overtime provisions but does not state claim for violation of FLSA minimum wage provisions where plaintiff's average hourly salary calculated on a weekly basis was always in excess of the federal minimum wage).

Drawing all inferences in favor of the Plaintiff, he has not stated a claim that Defendant violated the FLSA minimum wage provision, 29 U.S.C. § 206(a).

## II.     Supplemental State Law Claims

In addition to his federal claims, Plaintiff alleges that MLC violated various provisions of the NYLL. Defendant argues that the Court should not exercise supplemental jurisdiction over those claims.

When a district court has original jurisdiction over a federal claim, such as for claims arising under FLSA, the court may exercise "supplemental jurisdiction over all other claims that

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Such "claims that are so related to claims in the action" come from the same "common nucleus of operative fact" as the claims providing the court with original jurisdiction. *Briarpatch Ltd., L.P. v. Phoenix Pictures*, Inc., 373 F.3d 296, 308 (2d Cir. 2004).

Under 28 U.S.C. § 1367(c), a federal court "may decline to exercise supplemental jurisdiction over a [supplemental state-law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). If "a court grants a motion to dismiss for failure to state a federal claim, the court generally retains discretion to exercise supplemental jurisdiction" over the remaining related state-law claims if they derive from the same common nucleus of operative fact. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). As a general matter, "[w]hen the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id*. (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966) (footnote omitted)).

Given the dismissal of Plaintiffs' FLSA claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. *See Shi Ming Chen v. Hunan Manor Enter., Inc.*, 2018 WL 1166626, at *9 n.4 (S.D.N.Y. Feb. 15, 2018) ("Having dismissed

the only claims against Moving Defendants over which it has original jurisdiction, this Court declines to exercise supplemental jurisdiction over the remaining state and common law claims at this early stage in the litigation"). At this early stage of litigation, when the parties have not spent significant time or resources litigating the dispute in this forum, the balance of factors weigh towards declining to exercise jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's FLSA minimum wage claim pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED without prejudice.[1] The Court declines to exercise supplemental jurisdiction over Plaintiff's claims for violations of New York law and accompanying regulations, and those claims are therefore dismissed without prejudice.

The Clerk of Court is respectfully directed to close Dkt. No. 16.

SO ORDERED.

Dated: December 6, 2021
   New York, New York

LEWIS J. LIMAN
United States District Judge

---

[1] Plaintiff has 30 days, or until January 5, 2022, to file a further amended complaint limited to the FLSA minimum wage claim and addressing the deficiencies identified in this opinion. If Plaintiff does not file an amended complaint within the 30-day period, the Court will dismiss the federal claim with prejudice and will direct the Clerk of Court to close the case.